1  Susan S.Q. Kalra (CA State Bar No. 16740)
   Email: skalra@rameyfirm.com
2  RAMEY LLP
   5020 Montrose Blvd., Suite 800
3  Houston, Texas 77006
   Telephone: (800) 993-7499
4  Fax: (832) 900-4941

5  William P. Ramey, III (*pro hac vice* anticipated)
   Texas Bar No. 24027643
6  Email: wramey@rameyfirm.com
   RAMEY LLP
7  5020 Montrose Blvd., Suite 800
   Houston, Texas 77006
8  Telephone: (713) 426-3923
   Fax: (832) 900-4941

9
   *Attorneys for Plaintiff*
10 **FLICK INTELLIGENCE, LLC**

11                    **UNITED STATES DISTRICT COURT**
12                    **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| FLICK INTELLIGENCE, LLC, | Case No.: |
| Plaintiff, | **PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| NIANTIC, INC., | **(35 U.S.C. § 271)** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

14
15
16
17
18
19
20

        Flick Intelligence, LLC ("Flick") files this Original Complaint and demand for jury trial

21

seeking relief from patent infringement of the claims of U.S. Pat. No. 9,465,451 ("the '451 patent")

22

(referred to as the "Patent-in-Suit") by Niantic, Inc., ("Niantic" or "Defendant").

23

24    **I.      THE PARTIES**

25    1.  Plaintiff Flick Intelligence, LLC is a Limited Liability Company with its principal place of

26 business located in Bernalillo County, New Mexico.

27    2.  On information and belief, Niantic is a Company existing under the laws of the Delaware,

28                                             -1-

      Complaint

with a regular and established place of business located at One Ferry Building, Suite 200, San Francisco, California 94111.  On information and belief, Niantic sells and offers to sell products and services throughout California, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in California and this judicial district. Niantic may be served through its registered agent Incorporating Services, LTD at 3500 South Dupont Highway, Dover, DE 19901 or anywhere they may be found.

## II.   JURISDICTION AND VENUE

3.       This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.       This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of California and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of California and in this judicial district.

5.       Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District.  Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in California and this District.

-2-

Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   DIVISIONAL ASSIGNMENT

6.     Pursuant to Civ. L.R. 3-2(c) and 3-5(b), this action involves intellectual property rights and will be assigned on a district-wide basis.

### IV.   INFRINGEMENT

### A.     Infringement of the '451 Patent

7.     On Oct 11, 2016, U.S. Patent No. 9,465,451 ("the '451 patent", included as an attachment) entitled "Method, System And Computer Program Product For Obtaining And Displaying Supplemental Data About A Displayed Movie, Show, Event, Or Video Game" was duly and legally issued by the U.S. Patent and Trademark Office.  Flick owns the '451 patent by assignment.

8.     The '451 patent relates to novel and improved methods and apparatuses for displaying additional information about a displayed point of interest.

9.     Niantic maintains, operates, and administers systems and methods that displaying additional information about a displayed point of interest which infringe one or more claims of the '451 patent, including one or more of claims 1 - 14, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '451 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10.     Support for the allegations of infringement may be found in the preliminary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

11.     Niantic has and continues to induce infringement. Niantic has actively encouraged

-3-

Complaint

1   or instructed others, and continues to do so, on how to use its products and services such as to cause

2   infringement of one or more of claims 1 – 14 of the '451 patent, literally or under the doctrine of

3   equivalents.  Moreover, Niantic has known of the '451 patent and the technology underlying it from

4
5   at least the filing date of the lawsuit.[1]  For clarity, direct infringement is previously alleged in this

6   complaint.

7          12.     Niantic has and continues to contributorily infringe. Niantic has actively encouraged

8   or instructed others, and continues to do so, on how to use its products and services and related

9   services such as to cause infringement of one or more of claims 1 – 14 of the '451 patent, literally

10  or under the doctrine of equivalents.   Further, there are no substantial noninfringing uses for

11  Defendant's products and services.   Moreover, Niantic has known of the '451 patent and the

12
13  technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement

14  is previously alleged in this complaint.

15         13.     Niantic has caused and will continue to cause Flick damage by direct and indirect

16  infringement of (including inducing infringement of) the claims of the '451 patent.

17  **V.     PRAYER FOR RELIEF**

18         WHEREFORE, Flick prays for relief as follows:

19     a.     enter judgment that Defendant has infringed the claims of the '451 patent;

20
21     b.     award Flick damages in an amount sufficient to compensate it for Defendant's

22            infringement of the '451 patent in an amount no less than a reasonable royalty or lost

23            profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C.

24            § 284;

25     c.     award Flick an accounting for acts of infringement not presented at trial and an award

26

27
28
---
[1]  Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2]  Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

Complaint

1   by the Court of additional damage for any such acts of infringement;

2       d.      declare this case to be "exceptional" under 35 U.S.C. § 285 and award Flick its

3   attorneys' fees, expenses, and costs incurred in this action;

4       e.      declare Defendant's infringement to be willful and treble the damages, including

5    attorneys' fees, expenses, and costs incurred in this action and an increase in the damage

6    award pursuant to 35 U.S.C. § 284;

7

8       f.      a decree addressing future infringement that either (i) awards a permanent injunction

9   enjoining Defendant and its agents, servants, employees, affiliates, divisions, and

10  subsidiaries, and those in association with Defendant from infringing the claims of the

11  Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an

12  amount consistent with the fact that for future infringement the Defendant will be an

13  adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the

14  future infringement will be willful as a matter of law; and

15

16      g.      award Flick such other and further relief as this Court deems just and proper.

17

18  Dated: May 5, 2023                          Respectfully submitted,

19                                              RAMEY LLP

20

21                                              /s/ Susan S.Q. Kalra
                                                Susan S.Q. Kalra (CA State Bar No. 16740)
22                                              Email: skalra@rameyfirm.com
                                                5020 Montrose Blvd., Suite 800
23                                              Houston, Texas 77006
                                                Telephone: (800) 993-7499
24                                              Fax: (832) 900-4941

25

26

27

28

Complaint

1

/s/ William P. Ramey, III
William P. Ramey, III (*pro hac vice* anticipated)

2

Texas Bar No. 24027643
Email: wramey@rameyfirm.com

3

5020 Montrose Blvd., Suite 800
Houston, Texas 77006

4

Telephone: (713) 426-3923

5

Fax: (832) 689-9175

6

***Attorneys for Plaintiff***

7

***FLICK INTELLIGENCE, LLC***

8

9

**<u>DEMAND FOR JURY TRIAL</u>**

10

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Flick Intelligence, LLC hereby

11

demands a trial by jury on all issues so triable.

12

13

Dated: May 5, 2023                     Respectfully submitted,

14

15

RAMEY LLP

16

/s/ Susan S.Q. Kalra
Susan S.Q. Kalra (CA State Bar No. 16740)

17

Email: skalra@rameyfirm.com
5020 Montrose Blvd., Suite 800

18

Houston, Texas 77006
Telephone: (800) 993-7499

19

Fax: (832) 900-4941

20

21

/s/ William P. Ramey, III
William P. Ramey, III (*pro hac vice* anticipated)

22

Texas Bar No. 24027643
Email: wramey@rameyfirm.com

23

5020 Montrose Blvd., Suite 800
Houston, Texas 77006

24

Telephone: (713) 426-3923
Fax: (832) 689-9175

25

26

***Attorneys for Plaintiff***
***FLICK INTELLIGENCE, LLC***

27

28

-6-

Complaint